IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA BAILEY,

       Plaintiff,

v.

INDICAL MANAGEMENT, LLC,

       Defendant.

Case No.: 19-1283-HLT-TJJ

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff, Lisa Bailey, by and through her attorney, Corey M. Adams of McDonald Tinker PA, and files this Reply Memorandum in Support of her Motion for Leave to Amend Complaint. Ms. Bailey agrees that she is not entitled to punitive damages under the Kansas Act Against Discrimination. However, she opposes Defendant's argument that she is not entitled to punitive damages under her Americans with Disabilities Act claims and her workers compensation retaliation claim. In support of her motion, Plaintiff makes the following argument.

**I. Standard or Review**

Under Fed. R. Civ. P. 15, Ms. Bailey may amend her Complaint with leave of the Court. When justice so requires, leave should be freely given. Fed. R. Civ. P. 15(a)(2). Although this Court may deny a motion to amend based on futility, it may only do so if the Amended Complaint would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 660-61 (D. Kan. 2014). On a motion to dismiss under Rule 12(b)(6), the Court must assume true all well-pleaded facts in the complaint and grant the

plaintiff all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). Under these principles, Ms. Bailey has sufficiently alleged facts supporting a claim for punitive damages.

**II.   Ms. Bailey has sufficiently plead facts that support a plausible claim against Defendant for punitive damages.**

Punitive damages are allowed under both the Americans with Disabilities Act and a claim for workers compensation retaliation. *See Murphy v. City of Topeka-Shawnee Cty. Dep't of Labor Servs.*, 6 Kan. App. 2d 488, 495, 630 P.2d 186, 192 (1981) (workers compensation) and *E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1246 (10th Cir. 1999) (Americans with Disabilities Act). It is true that in *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1200 (10th Cir. 2012), which is cited in Defendant's brief, the court stated that "in retaliation claims in Kansas, 'punitive damages may not be imposed automatically on an employer when a jury finds unlawful retaliation.'" (Citation omitted). However, the court continued by stating that:

> Nonetheless, an employer can be liable for punitive damages, even if it does not know it is violating an employee's rights, "so long as the employer appreciates the wrongfulness, harmfulness, or injuriousness of the act itself." Accordingly, "when an employer terminates an employee in contravention of Kansas public policy and presents pretextual justifications to conceal this conduct, a jury [can] infer that the employer was acting with the purpose of doing something wrongful."

*Id*. (citation omitted).

Ms. Bailey claims in her proposed Amended Complaint that she was injured as a result of performing her job duties for Defendant. (Doc. 17-1, Amended Complaint, ¶ 8). On February 28, 2019—when she discovered her work related injury—she informed Defendant of the workplace injury and of her opinion that it might be a workers compensation claim. (*Id*. at ¶¶ 10 and 17). Defendant knew that the injury may be covered under workers compensation because it specifically directed Ms. Bailey to see a workers compensation doctor. (*Id*. at ¶¶ 10 and 17). Ms.

Bailey was cleared by her primary care doctor but was not allowed to return to work. (*Id*. at ¶ 14). Instead, Defendant demanded that Ms. Bailey see another doctor. (*Id*. at ¶ 14). Again, after seeing a second doctor, Ms. Bailey was cleared to work with minor lifting restrictions. (*Id*.). Nonetheless, Defendant refused to let Ms. Bailey return to work and finally directed her to see a doctor chosen by Defendant. (*Id*. at 17).

Despite receiving clearance from three separate doctors, Defendant never allowed Ms. Bailey to return to work. (*Id*. at 20). Instead, Defendant terminated Ms. Bailey after finding another employee to fill her position while Ms. Bailey was on the leave Defendant forced her to take. (*Id*.). Defendant made the decision to look for a new employee on March 4, 2019, just days after being informed that Ms. Bailey might have a workers compensation claim. (*Id*. at 16). Additionally, rather than engaging in an interactive process to determine what types of accommodations Ms. Bailey may need, such as time off or lifting restrictions, Defendant fired Ms. Bailey on March 19, 2019. (*Id*. at ¶¶ 20 and 31).

*Jones*, which is cited above, addressed a jury's finding for the plaintiff for punitive damages against the defendant. *Jones*, 674 F.3d at 1200. There, the defendant argued that the plaintiff was not retaliated against for claiming workers compensation but was instead terminated because he could not perform his job anymore. The jury found that the defendant had in fact retaliated against the plaintiff for his workers compensation claim. On appeal, the court held that there was "a legally sufficient evidentiary basis for the jury to find that [the defendant's] conduct was willful and malicious." *Id*.

In *Jones*, the evidence showed that the defendant, on multiple occasions, intentionally interfered with the doctors' medical evaluations in an attempt to prevent the plaintiff from returning to work. Specifically, the defendant initially discounted a doctor's determination that

the plaintiff could continue his work and the defendant told one of plaintiff's doctors that defendant would not pay for another FCE even though two other doctors had indicated that the plaintiff could return to work. Based on this evidence, the court held that a jury could reasonably infer that the defendant was acting with the purpose of doing something wrongful.

In yet another strikingly similar case, *Malik v. Apex Int'l Alloys, Inc.,* 762 F.2d 77, 79 (10th Cir. 1985), the plaintiff slipped and fell at work. The plaintiff ultimately filed a workers compensation claim. The plaintiff was released from his doctor to return to work, but was under a lifting restriction. Despite the plaintiff's willingness to return to work, the defendant forced the plaintiff to see its own doctor. The defendant's doctor also cleared the plaintiff to work with the restriction that he not repetitively lift items and not lift anything over 50-60 pounds. After the clearance of two doctors, the defendant terminated the plaintiff stating that he was "physically unable to perform his job classification without causing a safety hazard to himself and his fellow employees." *Id.* at 97.

In *Malik*, the district court awarded punitive damages to the plaintiff. The defendant appealed arguing that the district court erred in allowing punitive damages, stating that the plaintiff had not sufficiently proven malice. The court defined malice as "a wrongful act done intentionally without just cause or excuse" and held that the evidence was such that "a jury could reasonably find that the defendant acted with malice." *Id.* at 80.

Here, Ms. Bailey makes similar claims. She states that despite being cleared by three doctors, Defendant refused to allow Ms. Bailey to return to work. Defendant discounted the medical clearance of three separate doctors and hired a new employee to replace Ms. Bailey while she was on the leave that Defendant forced her to take. A jury could absolutely infer that Defendant had no reason to prevent Ms. Bailey from returning to work, and intentionally

prevented her to return so to hire another employee under the pretext that Ms. Bailey was unable to perform her job.

In short, Ms. Bailey has adequately plead facts plausibly entitling her to punitive damages under her claims for workers compensation retaliation. Just as in *Jones* and *Malik*, here Defendant discounted the determination of multiple doctors and refused to allow Ms. Bailey to return to work. Under the pretext that Ms. Bailey could not return to work, Defendant fired Ms. Bailey claiming that it was forced to hire someone new. The decision to hire someone new came days after Ms. Bailey informed Defendant of her potential workers compensation claim. A jury could reasonably infer that Defendant did all of this with the intent of retaliating against Ms. Bailey for filing for workers compensation.

Similar to her workers compensation claim, Defendant also refused to engage in any form of interactive process to determine whether Ms. Bailey required a reasonable accommodation. The proper question in determining whether to award punitive damages under the Americans with Disabilities Act is whether the employer engaged in the conduct alleged with the knowledge that it might be acting in violation of federal law. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1246 (10th Cir. 1999). In other words, if an employer fails to act in good faith in complying with federal law, it may be liable for punitive damages. *Id*. at 1248.

The federal regulation implementing the ADA "envision an interactive process that requires participation by both parties." *Templeton v. Neodata Servs., Inc.*, 162 F. 3d 617, 619 (10th Cir. 1998). Under those regulations, there is a cooperation expected from both the employer and the employee in determining the need for accommodation and what is reasonable under the circumstances:

> To determine the appropriate reasonable accommodation, it may be necessary for the [employer] to initiate an informal interactive process with the qualified

individual with a disability in need of the accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

29 C.F.R. § 1630.2(o)(3). Thus, it is not necessary that the employee specifically request an accommodation. Instead, the employee need only have a disability and the employer must have some knowledge of that disability. If the employer has knowledge of the disability, it then falls on the employer to take reasonable steps to determine whether the employee needs an accommodation. Specifically, the regulations require that:

> [T]he employer… make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability.

Appendix to 29 C.F.R. pt. 1630.

Here, it is alleged that Defendant simply refused to engage in an interactive process and refused to accept the medical advice of three doctors. Instead, Defendant terminated Ms. Bailey for taking the leave that Defendant forced her to take. The allegations made in the Amended Complaint, assumed to be true, state a plausible claim that Defendant did not act in good faith to comply with the requirements of the Americans with Disabilities Act.

WHEREFORE, Plaintiff requests that her motion be granted and that she be given leave to file her First Amended Complaint (Doc. 17-1).

s/ Corey M. Adams
Corey M. Adams, #27253
MCDONALD TINKER, PA
300 W. Douglas, Suite 500
Wichita, KS 67202
Telephone:  (316) 263-5851
Facsimile:  (316) 263-4677
cadams@mcdonaldtinker.com
*Attorneys for Plaintiff Lisa Bailey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2020, the above and foregoing **Reply Memorandum in Support of Motion to Amend** was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jeffrey M. Kuhlman
HINKLE LAW FIRM LLC
1617 N. Waterfront Parkway, Suite 400
Wichita, KS 67206
E: jkuhlman@hinklaw.com
*Attorney for Defendant*

                                              s/ Corey M. Adams
                                              Corey M. Adams, #27253