# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-1283-HLT-TJJ ) |
| INDICAL MANAGEMENT, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 17). Plaintiff seeks to add claims against Defendant for violation of the Kansas Act Against Discrimination ("KAAD") because she has now exhausted her administrative remedies with the Kansas Human Rights Commission ("KHRC"), and she also seeks to assert punitive damages against Defendant. Defendant does not oppose the amendment as to the KAAD claims but does oppose adding claims for punitive damages (ECF No. 19). For the reasons discussed below, the Court grants the motion.

## I. Background

Plaintiff filed this case in Sedgwick County District Court on September 3, 2019.[1] In her Petition, Plaintiff claimed she suffered an injury while working for Defendant, and after receiving releases from three separate physicians, Defendant did not allow her to return to work and instead terminated her on March 19, 2019.[2] She alleged discrimination and retaliation in

---

[1] ECF No. 1-1.

[2] *See generally id.*

violation of the Americans with Disabilities Act ("ADA") and workers' compensation retaliation.[3] On October 25, 2019, Defendant removed the case to this Court.[4]

The Court conducted a scheduling conference with the parties on December 16, 2019,[5] and entered a scheduling order on December 27, 2019.[6] Pursuant to the scheduling order, the parties' deadline to file motions to amend was January 13, 2020.[7]

On that date, Plaintiff filed her pending motion. Plaintiff states she filed dual complaints against Defendant with the KHRC and the Equal Employment Opportunity Commission ("EEOC") in May and June 2019.[8] On June 13, 2019, the EEOC closed its investigation and issued Plaintiff a right to sue letter, which required Plaintiff to file her lawsuit within 90 days.[9] When Plaintiff filed her lawsuit on September 3, 2019, the KHRC was still investigating her claim.[10] On October 28, 2019, the KHRC dismissed Plaintiff's complaint and stated she must file a Petition for Reconsideration to exhaust her administrative remedies, which Plaintiff did on November 12, 2019.[11] Now that Plaintiff has exhausted her administrative remedies, she seeks to add claims pursuant to the KAAD as well as the ADA. Defendant does not oppose Plaintiff amending her Complaint to add these claims.

However, Plaintiff also seeks to add claims for punitive damages. Because she originally filed this case in state court, she says she was "not allow[ed] to plead punitive damages without

---

[3] *Id.*

[4] ECF No. 1.

[5] ECF No. 11.

[6] ECF No. 12.

[7] *Id.*

[8] ECF No. 18 at 1.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

court leave."[12] Defendant opposes adding any claims for punitive damages "solely because such amendment would be futile."[13]

## II. Legal Standard

The parties agree Plaintiff may only amend her Complaint with leave of the Court pursuant to Fed. R. Civ. P. 15(a)(2).[14] The parties also agree the Court "should freely give leave when justice so requires."[15] The Court should refuse to grant leave to amend only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[16]

A motion to amend is futile "when the proposed amendment does not state a claim upon which relief may be granted."[17] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[18] The court will deny leave to amend based on futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim that is plausible on its face.[19] The proposed amended complaint need only make a statement of

---

[12] *Id.*

[13] ECF No. 19 at 2.

[14] "[A] party may amend its pleading only with the opposing party's written consent or the court's leave."

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Hanley v. Univ. of Kan. Hosp.*, No. 15-cv-2227-DDC-TJJ, 2015 WL 4478636, at *1 (D. Kan. July 22, 2015) (internal quotations omitted).

[17] *Id.*

[18] *Riley v. PK Mgmt.*, No. 18-cv-2337-KHV-TJJ, 2019 WL 2994547, at *2 (D. Kan. July 9, 2019) (citing *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000)).

[19] *Id.* (citations omitted).

the claim and provide some factual support to withstand dismissal.[20] The party opposing the amendment has the burden of showing the proposed amendment is futile.[21]

**III.  Analysis**

Defendant argues that Plaintiff's claims for punitive damages would be futile because punitive damages are not recoverable under the KAAD, and Plaintiff's proposed amended complaint does not separate out claims under the ADA and KAAD.[22] Further, though punitive damages may be recoverable under the ADA and workers' compensation retaliation, Plaintiff has not adequately alleged facts supporting such a claim.[23] Plaintiff agrees that she is not entitled to punitive damages under the KAAD but states she is entitled to them under her ADA claims and workers' compensation retaliation claim.[24]

In Count I of Plaintiff's proposed First Amended Complaint alleging "Disability Discrimination," Plaintiff claims that "Defendant acted intentionally, maliciously or with reckless indifference to Plaintiff's federally protected right."[25] She makes the same or similar claim in Count II ("Retaliation")[26] and Count III ("Workers' Compensation Retaliation").[27] Defendant argues this "repeated, conclusory allegation" is not sufficient.[28] Defendant cites to Kan. Stat. Ann. § 60-3702(c), which states the plaintiff has the burden to prove a claim for

---

[20] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[21] *Mochama v. Butler Cty., Kan.*, No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Layne Christensen Co. v. Bro–Tech Corp.*, No. 09–CV–2381–JWL–GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011)).

[22] ECF No. 19 at 2.

[23] *Id.*

[24] ECF No. 20 at 1.

[25] ECF No. 17-1 at 5, ¶ 36.

[26] *Id.* at 6, ¶ 44

[27] *Id.* at 7, ¶ 53.

[28] ECF No. 19 at 2.

punitive damages by clear and convincing evidence "that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[29] Plaintiff argues her allegations are sufficient to show Defendant's conduct was willful and malicious. Specifically, she alleges she received clearance to return to work from three separate doctors, but Defendant never allowed her to return to work and instead terminated her, and that Defendant had begun looking for a new employee to replace Plaintiff within a few days of Plaintiff informing Defendant of her injury and potential workers' compensation claim.[30]

Both parties cite *Jones v. United Parcel Serv., Inc.*[31] to support their position. In *Jones*, the Court noted that in Kansas, punitive damages may not be imposed automatically when a jury finds unlawful retaliation on the part of an employer.[32] Specifically, an award of punitive damages is improper when the evidence shows the employer reasonably believed its retaliatory conduct was lawful.[33] "Nonetheless, an employer can be liable for punitive damages, even if it does not know it is violating an employee's rights, 'so long as the employer appreciates the wrongfulness, harmfulness, or injuriousness of the act itself.'"[34] The Court in *Jones* ultimately found the jury's award of punitive damages was appropriate because the evidence indicated the employer repeatedly attempted "to prevent Jones from returning to work by both omission and commission."[35]

---

[29] *Id.* at 3.

[30] *See generally* ECF No. 20.

[31] 674 F.3d 1187 (10th Cir. 2012).

[32] *Id.* at 1200.

[33] *Id.*

[34] *Id.* (quoting *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1277 (10th Cir. 2008)).

[35] *Id.* at 1201.

Defendant argues Plaintiff's proposed amended complaint contains "no allegations that would even support an inference that Defendant's conduct was fraudulent, malicious, grossly negligent, oppressive, willful, or wanton,"[36] On the other hand, Plaintiff argues her facts are similar to those in *Jones*, including that Defendant prevented Plaintiff from returning to work even though she received clearances from three doctors.

Defendant cites no cases from this district where the court denied leave to amend to add punitive damages. Instead, Defendant cites two cases where this Court did grant leave to amend. First, Defendant cites *Walker v. Axalta Coating Systems, LLC*.[37] The Court allowed the plaintiff to amend his complaint to add punitive damages over the defendants' objection that such amendment would be futile. The Court noted that at that point in the case, the plaintiff had no obligation "to present evidence in order to satisfy the pleading standard."[38] In the second case cited, *Somrak v. Korger Co.*,[39] the Court also allowed the plaintiff to file an amended complaint to add punitive damages, finding the plaintiff "must simply state enough facts to make her punitive damages claim plausible on its face."[40] Specifically, the Court noted that even though nothing more than the plaintiff's allegations indicated the defendant knew of the hazard at issue, "allegations are all that is required."[41] And, though the defendant argued the allegations were unsupported by evidence, the Court stated if it "is required to make such a factual finding,

---

[36] ECF No. 19 at 3.

[37] No. 14-2105-JAR, 2015 WL 685834 (D. Kan. Feb. 18, 2015).

[38] *Id.* at *2 (citing *Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013)).

[39] No. 17-2480-CM-GEB, 2018 WL 1726346 (D. Kan. Apr. 10, 2018).

[40] *Id.* at *4.

[41] *Id.* at *5.

dismissal under Fed. R. Civ. P. 12(b)(6), and a finding of futility under Rule 15, is inappropriate."[42]

Taking all of the allegations in Plaintiff's proposed amended complaint together, the Court finds it would not be futile to allow Plaintiff to assert claims for punitive damages. The parties agree punitive damages are recoverable under the ADA and workers' compensation retaliation. Further, Plaintiff's allegations, if proven, could lead a jury to conclude that Defendant "was acting with the purpose of doing something wrongful," even if it did not know it was violating Plaintiff's rights.[43] Plaintiff alleges that "[r]ather than provide Ms. Bailey a reasonable accommodation for her actual or perceived disability, Defendant instead chose not to allow Ms. Bailey to work and ultimately fired her."[44] Further, Plaintiff alleges a few days after she asserted her rights under the ADA and after "informing Defendant of her potential worker's compensation claim, Defendant posted Ms. Bailey's position on Craigslist."[45]

The Court finds a jury could infer that Defendant terminated Plaintiff "in contravention of Kansas public policy" and thus infer Defendant was acting with the purpose of doing something wrongful.[46] Defendant has not carried its burden to show Plaintiff's amendment would be futile, and the Court "cannot conclude that plaintiff's proposed prayer for punitive damages could not withstand a motion to dismiss."[47] This does not mean the amendments *will* survive a dispositive motion in the future, just that the proposed amendments do not appear

---

[42] *Id.* (citing *Ayres v. AG Processing, Inc.*, No. Civ.A 04-2060-DJW, 2005 WL 1799261, at *4 (D. Kan. July 22, 2005)).

[43] *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1200 (10th Cir. 2012) (quoting *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1277 (10th Cir. 2008)).

[44] ECF No. 17-1 at 6, ¶ 42.

[45] *Id.* at 7, ¶ 49.

[46] *Jones*, 674 F.3d at 1200.

[47] *Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013).

clearly frivolous.[48] Given the early stage of the case and that Plaintiff has no obligation "to present evidence in order to satisfy the pleading standard,"[49] the Court grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 17) is granted. Plaintiff shall file her proposed amended complaint (ECF No. 17-1) within five (5) days of the date of this order.

**IT IS SO ORDERED.**

Dated March 10, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[48] *Id.*

[49] *Walker v. Axalta Coating Systems, LLC*, No. 14-2105-JAR, 2015 WL 685834, at *2 (D. Kan. Feb. 18, 2015) (citing *Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013)).